UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES MILLER, | CASE NO. C12-0414JLR |
| Plaintiff, | ORDER ON A CIVIL CASE |
| v. | |
| MICHAEL J. ASTRUE, | |
| Defendant. | |

## I.   INTRODUCTION

This matter comes before the court on the Report and Recommendation of United States Magistrate Judge Brian A. Tsuchida (R&R (Dkt. # 25)), and Mr. Miller's objections thereto (Obj. (Dkt. # 26)). Having carefully reviewed all of the foregoing, along with all other relevant documents, and the governing law, the court ADOPTS the Report and Recommendation (Dkt. # 25), REVERSES and REMANDS the case to the Social Security Administration for further proceedings consistent with the Report and Recommendation.

ORDER- 1

## II. BACKGROUND

James Miller seeks review of the Social Security Administration's denial of his disability insurance benefits claim.  (Compl. (Dkt. # 6 ))  At Mr. Miller's claim hearing, the Administrative Law Judge ("ALJ") determined that, although Mr. Miller had "severe" physical impairments, his mental impairments "[did] not cause more than minimal limitation in [Mr. Miller's] ability to perform basic mental work activities and are therefore nonsevere." (Tr. (Dkt. # 14-2) at 25, 27.)  The ALJ determined that, despite Mr. Miller's severe physical and nonsevere mental limitations, he was able to perform light work. (*Id.* at 29.)  Based on Mr. Miller's residual functional capacity ("RFC"), his age, educational level, and work experience, the ALJ determined that Mr. Miller could perform "jobs that exist in significant numbers in the national economy." (*Id.* at 39.)  The ALJ accordingly determined that Mr. Miller was "not disabled" and denied his claim for benefits. (*Id.* at 41.)  Mr. Miller alleges that the ALJ erroneously found that Mr. Miller is not disabled as defined by the Social Security Act. (Compl. at 2.)  Mr. Miller specifically alleges that the ALJ erred in his findings, he abused his discretion, he made errors of law, and his findings were not supported by substantial evidence. (*Id.*)  Mr. Miller seeks review of the ALJ's findings and asks that they be reversed and set aside. (*Id.*)

Magistrate Judge Tsuchida recommends affirming the ALJ's findings as to step two of the ALJ's five-step disability evaluation process,[1] but reversing and remanding Mr. Miller's case for further administrative proceedings based on the ALJ's error in considering certain medical evidence, related to Mr. Miller's physical impairments, when determining Mr. Miller's RFC at steps three, four and five. (R&R at 9.) Essentially, Judge Tsuchida affirmed the ALJ's findings as to Mr. Miller's mental impairments, but recommends reversing and remanding regarding Mr. Miller's physical impairments. (*Id.* at 2-3; 8-9.)

---

[1] The Commissioner utilizes a five step sequential evaluation process in determining whether a claimant is disabled and qualifies for benefits. *See* 20 C.F.R. § 404.1520 (2012). Step one considers whether the claimant is engaged in "substantial gainful activity." *See* 20 C.F.R. § 404.1520(a)(4)(i). The ALJ determined that Mr. Miller was not engaged in substantial gainful activity. (Tr. at 25.) Step two considers the medical severity of a claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If a claimant does not have a "severe impairment," then they are not disabled and the evaluation ends. *Id.* If the claimant has any "severe medically determinable physical or mental impairment," then the Commissioner continues onto step three of the evaluation. *Id.* Here, the ALJ determined that Mr. Miller had a severe physical impairment, but not a severe mental impairment. (Tr. at 25, 27.) Because Mr. Miller had a severe impairment, the ALJ continued onto steps three through five. (*See id.* at 28-41.) Step three considers whether the claimant's impairment(s) match an enumerated list of impairments qualifying the claimant as disabled. 20 C.F.R. § 404.1520(a)(4)(iii). The ALJ determined that Mr. Miller's impairments did not match the listed impairments. (Tr. at 28.) A claimant who does not pass step three may nevertheless make out a *prima facie* case of disability by proving, at step four, that he or she is unable to perform his or her past work. *Hoopai v. Astrue*, 499 F.3d 1071, 1075 (9th Cir. 2007). Step four assesses a claimant's residual functional capacity ("RFC") to determine if the claimant is able to perform his or her past work. 20 C.F.R. § 404.1520(a)(4)(iv). If a claimant is able to perform his or her past work, the Commissioner denies the application. *Id.* Here, based on Mr. Miller's RFC, the ALJ determined that Mr. Miller was unable to perform his past work as a drywaller. (Tr. at 29.) At the fifth and final step, the Commissioner again considers the claimant's RFC to determine if he or she is able to perform other work. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is able to perform other work, and there are significant jobs involving that work available in the national economy, then the Commissioner denies the application. *Id.*; 20 C.F.R. § 404.1569; (Tr. at 39). Here, the ALJ determined that, based on Mr. Miller's RFC, he was able to perform light work for which there were jobs available in the national economy, and therefore found that Mr. Miller was not disabled. (Tr. at 39, 41). The ALJ, effectively, denied Mr. Miller's claim at step five. (*Id.*)

First, Judge Tsuchida found that any error the ALJ may have committed at step two of Mr. Miller's disability evaluation as to the severity of Mr. Miller's mental impairments was harmless because the ALJ properly considered those impairments (regardless of his step two determination) in his RFC assessment of Mr. Miller at steps three through five.  (*Id.* at 2-3.)  Second, Judge Tsuchida found that Mr. Miller waived any objections to the ALJ's assessment of his mental RFC because he first raised those objections in his reply brief, while his opening brief solely addressed the ALJ's findings as to step two of the disability evaluation process.  (*Id.* at 3.)

Judge Tsuchida, however, found that the ALJ erred in rejecting Dr. Eric Alexander's opinions about Mr. Miller's physical standing and walking limitations because the ALJ's findings were not supported by substantial evidence or the application of proper legal grounds.  (*Id.* at 8.)  Judge Tsuchida recommends reversing and remanding because the ALJ should have taken Mr. Miller's standing limitations into account in his RFC.  (*Id.*)  Finally, Judge Tsuchida found that the ALJ erred by failing to address Dr. George Vasil's 2009 opinions about Mr. Miller's physical limitations in his RFC.  (*Id.* at 9.)  The ALJ improperly rejected Dr. Vasil's 2009 opinions because of Dr. Vasil's concerns, based on a report from 2006, that Mr. Miller was exaggerating his symptoms.  (*Id.*)  Judge Tsuchida recommends reversing and remanding to the ALJ for consideration of Dr. Vasil's 2009 opinions in re-evaluating Mr. Miller's RFC.  (*Id.*)

Mr. Miller contests Judge Tsuchida's decision with respect to Mr. Miller's mental impairments.  (Obj. at 1.)  Nevertheless, Mr. Miller asks the court to adopt Judge

ORDER- 4

Tsuchida's Report and Recommendation with respect to Mr. Miller's physical impairments. (*Id.* at 2.)

### III. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.*

### IV. DISCUSSION

Mr. Miller's objection to the Report and Recommendation is that the ALJ erred in evaluating Mr. Miller's mental impairments. (Obj. at 1.) Mr. Miller asserts that the ALJ erred in concluding that his PTSD and depression did not constitute a "severe impairment" limiting his functioning. (*Id.* at 3.) Mr. Miller contends that the Report and Recommendation should have addressed whether the ALJ's evaluation of Mr. Miller's psychological medical record was sufficient to determine that Mr. Miller did not have a severe mental impairment at step two. (*Id.* at 3.) Mr. Miller also objects to the Report and Recommendation's conclusion that any error the ALJ made regarding Mr. Miller's

mental impairment at step two was harmless.  Mr. Miller contends that the ALJ did not address Mr. Miller's functional limitations arising from his mental impairments in the RFC assessment.  (*Id.* at 4.)  On this point, Mr. Miller also asserts that he did not waive his objections to ALJ's evaluation of his mental RFC because his argument that the ALJ failed to consider some of his doctors' opinions at step two of the evaluation was also relevant to the mental RFC assessment (step four).  (*Id.* at 5).

None of Mr. Miller's objections as to the ALJ's findings and conclusions regarding Mr. Miller's mental impairments raise any novel issues that were not addressed by Magistrate Judge Tsuchida's Report and Recommendation.  Moreover, the court has thoroughly examined the Report and Recommendation in light of the record and finds it persuasive.  Although Mr. Miller may disagree with the ALJ's conclusions, his objections contain no factual basis or discussion of relevant law that justify rejecting the ALJ's conclusions with respect to Mr. Miller's mental impairments.

Judge Tsuchida correctly found that, even if the ALJ erred in determining that Mr. Miller's PTSD and depression did not cause significant limitations at step two of the sequential evaluation, the error was harmless because the ALJ considered and discussed Mr. Miller's mental limitations in his RFC assessment.  (R&R at 2.)  An ALJ's error in finding that a claimant's impairment is non-severe at step two of the sequential evaluation process is harmless if the ALJ considers the resulting limitations caused by the impairment later in sequential evaluation process.  *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007); *Burch v. Barnhart*, 400 F.3d 676, 683-84 (9th Cir. 2005).  Nevertheless, Mr. Miller attempts to distinguish *Lewis* and *Burch* by arguing that, in this case, the ALJ

improperly "rejected" evidence from three of Mr. Miller's doctors in considering his functional limitations resulting from his PTSD and depression. (Obj. at 4.) Contrary to Mr. Miller's assertions, the ALJ extensively discussed Mr. Miller's mental impairments in assessing his RFC. (*See* Tr. at 25-27, 30, 36-37.) Indeed, the ALJ considered "all of the medical evidence of record" in his RFC determination. SSR 96-8p; (Tr. at 34). Accordingly, under *Lewis* and *Burch*, any error is harmless.

      Judge Tsuchida also correctly found that Mr. Miller waived his challenge to the ALJ's mental RFC assessment because he did not challenge it in his opening brief. (R&R at 3.) Issues raised for the first time in a reply brief are deemed waived. *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996). Mr. Miller's position is that his arguments in his opening brief objecting to the ALJ's step two determination were also relevant to the ALJ's RFC assessment at steps four and five. (Obj. at 26.) Mr. Miller's opening brief, however, explicitly states that "the issue is whether the ALJ properly assessed evidence related to Plaintiff's depression and PTSD at step two of the sequential process." (Opening Brief (Dkt. # 18) at 13.) Further, Mr. Miller framed the issue solely as a determination of whether the ALJ erred at step two. (*Id.* at 1 ("The specific issues are . . . . [w]hether the ALJ properly found that Plaintiff did not have a severe mental impairment, given treatment by Amy Clark, Psy.D., and the evaluations of George Henrikson, M.D. and Douglas Whiteside, Ph.D.").) If Mr. Miller believes the ALJ's RFC assessment incorrectly discounted certain medical evidence, he should have explicitly argued that in his opening brief so as to give the Commissioner a chance to adequately respond.

## V. CONCLUSION

The court, after careful consideration of the Mr. Miller's complaint, the parties' briefs, the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, Mr. Miller's objections to the Report and Recommendation, and the balance of the record, hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. #25) in its entirety;

(2) The Commissioner's decision is REVERSED and the case is REMANDED to the Social Security Administration for further proceedings consistent with the Report and Recommendation; and

(3) The Clerk is directed to send copies of this Order to the parties and to Magistrate Judge Brian A. Tsuchida.

Dated this 22nd day of January, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 8